IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THERESA STOTTLAR, as Administrator of
the Estate of Jeremy Stottlar, Deceased,

     Plaintiffs,

No.  2:22-cv-520

v.

RANDALL W. DURNELL, REED OIL
COMPANY, INC. and BRITTANY
TRUCKING COMPANY, INC.,

     Defendants.

## NOTICE OF REMOVAL

AND NOW, comes the Defendants, Randall W. Durnell, Reed Oil Company, Inc. and Brittany Trucking Company, Inc., by and through their undersigned counsel, John T. Pion, Esquire, Angela R. Winslow, Esquire, Megan R. Padgett, Esquire, and the law firm of Pion, Nerone, Girman, Winslow & Smith, P.C., and hereby removes the above-captioned lawsuit pursuant to 28 U.S.C. § 1441 *et seq.*, from the Court of Common Pleas of Butler County, Pennsylvania (Civil Action No. 2022-10206) to the United States District Court for the Western District of Pennsylvania, and in support thereof, avers as follows:

1.     On or about March 29, 2022, the Plaintiff, Theresa Stottlar, as Administrator of the Estate of Jeremy Stottlar, Deceased, commenced an action against Defendants, Durnell, Reed Oil Company, Inc. and Brittany Trucking Company, Inc., by filing a Complaint in the Court of Common Pleas of Butler County, Pennsylvania at Civil Action No. 2022-10206.  A copy of the Complaint is attached to this Notice of Removal as Exhibit "A".

2.      The Court of Common Pleas of Butler County, Pennsylvania is located within the territorial jurisdiction of the United States District Court for the Western District of Pennsylvania. Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a).

3.      On March 29, 2022, Plaintiff served Defendant Randall W. Durnell with the Complaint. See Service of Process transmittal, a copy of which is attached hereto as Exhibit "B". Accordingly, removal is being made within the time permitted by 28 U.S.C. § 1446(b)(2)(B).[1]

4.      Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants, who are represented by undersigned counsel, consent to the removal of the lawsuit to this Court.

5.      Removal of this lawsuit to this Court is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction under diversity jurisdiction pursuant to 28 U.S.C. § 1332.

6.      Pursuant to 28 U.S.C. § 1332, complete diversity between Plaintiff and Defendants is met, as set forth below:

   a.      Plaintiff resides in and is thus a citizen of New York.  See Exhibit "A", Complaint ¶1.

   b.      Defendant Randall W. Durnell, resides in and is thus a citizen of Pennsylvania.

   c.      Defendant Reed Oil Company, Inc. is duly incorporated under and maintains a principal place of business within Pennsylvania and is thus a citizen of Pennsylvania for the purposes of diversity jurisdiction.

   d.      Brittany Trucking Company, Inc. is duly incorporated under and maintains a principal place of business within Pennsylvania and is thus a citizen of Pennsylvania for the purposes of diversity jurisdiction.

---

[1] To counsel's knowledge, the remaining Defendants have not yet been formally served with the Complaint. Regardless, even if they have been served, removal is still timely as the lawsuit was commenced on March 28, 2022.

e.   As such, there is complete diversity of citizenship between the Plaintiff and the Defendants.

7.   The requirement of an amount in controversy in excess of $75,000.00 is met, as set forth below:

a.   Plaintiff alleges in her Complaint damages as a result of the death of the decedent, Jeremy Stottlar, arising out of a motor vehicle accident in which the decedent is alleged to have been a pedestrian. Plaintiff seeks to recover damages in relation to the wrongful death and conscious pain and suffering of the decedent.

b.   Plaintiff's Complaint does not state a sum certain, and pleads only an amount in excess of local compulsory arbitration limits.

c.   Plaintiff's Complaint asserts a claim for (1) the conscious pain and suffering of the decedent, (2) emotional distress of the decedent, and (3) medical costs incurred between the subject incident and the decedent's death. See Exhibit "A", Complaint, ¶¶60-62, 67-71, 76-79 and 83-86.

d.   The nature of Plaintiff's claimed damages makes it clear that the damages Plaintiff seeks in this matter will exceed the jurisdictional requirement of $75,000.00. *See Grusso v. Walmart Stores East, L.P.*, 2017 U.S. Dist. Lexis 69633 at *4-*5 (M.D. Pa. 2017) (holding that allocations of significant injuries and damages in a complaint will trigger notice by the defendant an amount in excess of the jurisdictional amount is at issue for the purposes of the removal).

e.   As such, upon information and belief, Defendants aver that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

8.   For the reasons set forth above, removal of this matter to this Court is just and proper.

9.      Upon confirmation of filing and docketing with the Court, this Notice of Removal

shall be provided to all parties, as well as the Court of Common Pleas of Butler County,

Pennsylvania, in accordance with 28 U.S.C. § 1446(d).

**JURY TRIAL DEMANDED.**

Respectfully submitted,

PION, NERONE, GIRMAN, WINSLOW
   & SMITH, P.C.


By:/s/ Angela R. Winslow
      John T. Pion, Esquire
      jpion@pionlaw.com
      Pa. I.D. No. 43675

      Angela R. Winslow, Esquire
      awinslow@pionlaw.com
      Pa. I.D. No. 87773

      Megan R. Padgett, Esquire
      mpadgett@pionlaw.com
      Pa. I.D. No. 327776

      420 Fort Duquesne Boulevard
      1500 One Gateway Center
      Pittsburgh, PA  15222
      412-281-2288

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all parties,

via the ECF filing system, this 4th day of April, 2022, as follows:

John E. Lavelle
John.lavelle@cellinolaw.com
Cellino Law LLP
600 Old Country Road - Suite 412
Garden City, NY  11530
*(Counsel for Plaintiffs)*

PION, NERONE, GIRMAN, WINSLOW
& SMITH, P.C.

By /s/ Angela R. Winslow
Angela R. Winslow
awinslow@pionlaw.com