**IN THE COURT OF COMMON PLEAS OF BUTLER COUNTY, PENNSYLVANIA**
**CIVIL ACTION**

Theresa Stottlar, as Administrator of the Estate of
Jeremy Stottlar, Deceased

        Plaintiff,

Case No. 22-10206

v.

Randall W. Durnell, Reed Oil Company, Inc. and Brittany Trucking Company, Inc.

        Defendant.

Type of Document: __Complaint in Civil Action__

If this is a Complaint, designate whether the case is subject to Compulsory Arbitration (jurisdictional amount $35,000) or not.

_____ amount in controversy does not exceed $35,000

__X__ amount in controversy exceeds $35,000

_____ issues in case are not subject to Compulsory Arbitration

Does this complaint involve consumer credit card collection _____Y __X__ N

Does this complaint involve residential mortgage foreclosure proceedings _____Y __X__ N

Filed on behalf of __Plaintiff__ (Plaintiff / Defendant)

Counsel of record for this party __John E. Lavelle__ (Name of attorney primarily responsible)

Supreme Court I.D. No. __315154__

Cellino Law LLP (Firm Name, if any)
600 Old Country Road, Suite 412, Garden City, NY 11530 (Address)

(800) 555-5555 (Phone)

(212) 970-2020 (Fax Number)

John.Lavelle@cellinolaw.com (E-Mail Address)



EXHIBIT A

**IN THE COURT OF COMMON PLEAS OF
BUTLER COUNTY, PENNSYLVANIA**

Theresa Stottlar, as Administrator of the Estate of
Jeremy Stotllar, Deceased

      Plaintiff

v.

Randall W. Durnell
Reed Oil Company, Inc. and
Brittany Trucking Company, Inc.

      Defendants.

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

>Office of Prothonotary
>Butler County Butler County Government Center
>124 West Diamond Street Butler, PA 16001
>(724) 284-5214
>
>Butler County Bar Association
>240 S. Main Street
>Butler, PA 16001 (724) 841-0130

>CELLINO LAW LLP
>
>_____
>By: John E. Lavelle, Esq.
>PA Bar I.D.: 315154
>Attorneys for Plaintiff
>600 Old Country Road, Suite 412
>Garden City, New York 11530
>(800) 555-5555

2

Cellino Law LLP
By: John E. Lavelle, Esq.
PA Bar I.D.: 315154
600 Old Country Road, Suite 412
Garden City, New York 11530
Phone: (800) 555-5555 x2502
Fax: (212) 228-2020
John.Lavelle@CellinoLaw.com

Attorneys for Plaintiff

## IN THE COURT OF COMMON PLEAS OF
## BUTLER COUNTY, PENNSYLVANIA

| | |
|---|---|
| Theresa Stottlar, as Administrator of the Estate of Jeremy Stottlar, deceased<br>322 Prospect Street<br>Lockport, New York 14094 | |
| | Docket No: |
| Plaintiff<br>vs. | |
| | Not an Arbitration Case |
| Randall W. Durnell<br>841 Franklin Road<br>Slippery Rock, Pennsylvania 16057 | |
| Reed Oil Company, Inc<br>511 Montgomery Avenue<br>New Castle, Pennsylvania 16102 | |
| Brittany Trucking Company, Inc.<br>515 Montgomery Avenue<br>New Castle, Pennsylvania 16102 | |
| | Plaintiff Requests a Jury of 12 |
| Defendants | |

### COMPLAINT IN A CIVIL ACTION

AND NOW comes Plaintiff Theresa Stottlar, Administrator of the Estate of Jeremy Stottlar, by her counsel, John E. Lavelle, of counsel to Cellino Law LLP, 600 Old Country Road, Suite 412, Garden City, New York 11530, and files this Complaint

against Defendants Randall W. Durnell, Reed Oil Company, Inc and Brittany Trucking Company, Inc., upon information and belief alleges as follows:

1. Plaintiff, Theresa Stottlar, is an adult residing at the above-captioned address in Niagara County, New York.

2. Plaintiff, Theresa Stottlar, was appointed as Administrator of the Estate of Jeremy Stottlar, Deceased, by Order of the Surrogates Court of the State of New York – Niagara County dated January 11, 2022.

3. Defendant, Randall W. Durnell, is an adult residing at the above-captioned address in Butler County, Pennsylvania.

4. Defendant, Reed Oil Company, Inc, is a corporation or other business entity duly created and existing by and under the laws of the Commonwealth of Pennsylvania.

5. Defendant, Reed Oil Company, Inc, transacts business in the Commonwealth of Pennsylvania.

6. Defendant, Reed Oil Company, Inc, solicits business in the Commonwealth of Pennsylvania.

7. Defendant, Reed Oil Company, Inc, engages in trucking business in the Commonwealth of Pennsylvania.

8. Defendant, Reed Oil Company, Inc, engages in interstate trucking through the Commonwealth of Pennsylvania.

9. Defendant, Reed Oil Company, Inc, has routes with stops in the Commonwealth of Pennsylvania.

10. Defendant, Reed Oil Company, Inc, has trucking contracts with businesses in the Commonwealth of Pennsylvania.

11. Defendant, Reed Oil Company, Inc, is subject to the jurisdiction of the courts of the Commonwealth of Pennsylvania.

12. Defendant, Brittany Trucking Company, Inc., is a corporation or other business entity duly created and existing by and under the laws of the Commonwealth of Pennsylvania.

13. Defendant, Brittany Trucking Company, Inc., transacts business in the Commonwealth of Pennsylvania.

14. Defendant, Brittany Trucking Company, Inc., solicits business in the Commonwealth of Pennsylvania.

15. Defendant, Brittany Trucking Company, Inc., engages in trucking business in the Commonwealth of Pennsylvania.

16. Defendant, Brittany Trucking Company, Inc., engages in interstate trucking through the Commonwealth of Pennsylvania.

17. Defendant, Brittany Trucking Company, Inc., has routes with stops in the Commonwealth of Pennsylvania.

18. Defendant, Brittany Trucking Company, Inc., has trucking contracts with businesses in the Commonwealth of Pennsylvania.

19. Defendant, Brittany Trucking Company, Inc., is subject to the jurisdiction of the courts of the Commonwealth of Pennsylvania.

20. At the time and place of this incident, decedent Jeremy Stottlar was a pedestrian.

21. At the time and place of this incident, defendant, Randall W. Durnell, was the operator of a 2015 Semi-Trailer bearing Pennsylvania plate number PT940J5 (hereinafter, the "Semi-Trailer").

22. Said Semi-Trailer was owned by defendant Brittany Trucking Company, Inc.

23. Said Semi-Trailer was leased by defendant Brittany Trucking Company, Inc.

24. Said Semi-Trailer was leased to defendant Brittany Trucking Company, Inc.

25. Said Semi-Trailer was registered to defendant Brittany Trucking Company, Inc.

26. Said Semi-Trailer was registered by defendant Brittany Trucking Company, Inc.

27. Said Semi-Trailer was operated by defendant Brittany Trucking Company, Inc.

28. Said Semi-Trailer was maintained by defendant Brittany Trucking Company, Inc.

29. Said Semi-Trailer was managed by defendant Brittany Trucking Company, Inc.

30. Said Semi-Trailer was controlled by defendant Brittany Trucking Company, Inc.

31. Said Semi-Trailer was owned by defendant Reed Oil Company, Inc.

32. Said Semi-Trailer was leased by defendant Reed Oil Company, Inc.

4

33. Said Semi-Trailer was leased to defendant Reed Oil Company, Inc.

34. Said Semi-Trailer was registered to defendant Reed Oil Company, Inc.

35. Said Semi-Trailer was registered by defendant Reed Oil Company, Inc.

36. Said Semi-Trailer was operated by defendant Reed Oil Company, Inc.

37. Said Semi-Trailer was maintained by defendant Reed Oil Company, Inc.

38. Said Semi-Trailer was managed by defendant Reed Oil Company, Inc.

39. Said Semi-Trailer was controlled by defendant Reed Oil Company, Inc.

40. Said Semi-Trailer was under contract with a third-party company.

41. Said Semi-Trailer was transporting goods under a contract with a third-party company.

42. At the time of the collision described herein, Randall W. Durnell was an employee of defendant Brittany Trucking Company, Inc.

43. At the time of the collision described herein, Randall W. Durnell was an agent of defendant Brittany Trucking Company, Inc.

44. At the time of the collision described herein, Randall W. Durnell was a servant of defendant Brittany Trucking Company, Inc.

45. At the time of the collision described herein, Randall W. Durnell was an independent contractor under contract with defendant Brittany Trucking Company, Inc.

46. At the time of the collision described herein, Randall W. Durnell operated the Semi-Trailer with the permission of defendant Brittany Trucking Company, Inc.

47. At the time of the collision described herein, Randall W. Durnell operated the Semi-Trailer with the knowledge of defendant Brittany Trucking Company, Inc.

48. At the time of the collision described herein, Randall W. Durnell operated the Semi-Trailer with the consent of defendant Brittany Trucking Company, Inc.

49. At the time of the collision described herein, Randall W. Durnell was an employee of defendant Reed Oil Company, Inc.

50. At the time of the collision described herein, Randall W. Durnell was an agent of defendant Reed Oil Company, Inc.

51. At the time of the collision described herein, Randall W. Durnell was a servant of defendant Reed Oil Company, Inc.

52. At the time of the collision described herein, Randall W. Durnell was an independent contractor under contract with defendant Reed Oil Company, Inc.

53. At the time of the collision described herein, Randall W. Durnell operated the Semi-Trailer with the permission of defendant Reed Oil Company, Inc.

54. At the time of the collision described herein, Randall W. Durnell operated the Semi-Trailer with the knowledge of defendant Reed Oil Company, Inc.

55. At the time of the collision described herein, Randall W. Durnell operated the Semi-Trailer with the consent of defendant Reed Oil Company, Inc.

56. The incident described herein occurred on September 24, 2021, at approximately 11:50 p.m., on New Castle Road in the County of Butler and Commonwealth of Pennsylvania.

57. At the time and place of this collision, Jeremy Stottlar was a pedestrian traveling on New Castle Road in the County of Butler and Commonwealth of Pennsylvania.

58. At the time and place of this collision, the vehicle operated by defendant Randall W. Durnell was travelling eastbound on New Castle Road in the County of Butler and Commonwealth of Pennsylvania.

59. At the time and place herein-described, defendant Randall W. Durnell operated said vehicle in such a negligent and careless manner so as to strike Jeremy Stottlar causing his death.

60. As a result of the above-described collision, Jeremy Stottlar sustained devastating personal injuries and passed away from his injuries.

61. Decedent Jeremy Stottlar is survived by his wife, child and parents.

62. Plaintiff Theresa Stottlar is asserting claims for both wrongful death and conscious pain and suffering.

63. The aforementioned collision was caused solely and exclusively by the negligence and carelessness of the defendants and was due in no part whatsoever to acts and/or failures to act on the part of Jeremy Stottlar.

**COUNT I**
**Theresa Stottlar as Administrator of the Estate**
**of Jeremy Stottlar, Deceased v. Brittany Trucking Company, Inc.**

64. Plaintiff re-alleges the preceding paragraphs of her Complaint as if fully set forth at length herein.

65. The aforementioned negligence and carelessness of defendant driver Randall W. Durnell is imputed upon the owner, defendant Brittany Trucking Company, Inc., pursuant to the doctrine of Respondent Superior.

66. The negligence and carelessness of defendant Brittany Trucking Company, Inc. by and through its agents, servants, workmen, and/or employees, further consisted of the following:

   a. Permitting an incompetent driver to operate the vehicle;

   b. Failing to determine whether defendant driver possessed the necessary skills and/or the necessary mental or physical ability to exercise such driving skills;

   c. Failing to instruct defendant driver in the proper method of operating the motor vehicle;

   d. Failing to properly instruct the defendant driver how to properly operate the vehicle and its warning apparatus on interstate highways;

   e. Failing as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver was operating the vehicle at the aforesaid time and place as herein before described; and

   f. Allowing this dangerous and unsafe and defective motor vehicle to be operated on a public highway.

67. As a result of the negligence and carelessness of defendants as aforesaid, Jeremy Stottlar suffered devastating person injuries and passed away.

68. Prior to his death, decedent Jeremy Stottlar experienced great pain, suffering and anguish, and claim is therefore asserted.

69. Prior to his death, decedent Jeremy Stottlar experienced great mental pain, suffering and anguish as he anticipated his impending death.

70. That as a result of the negligence and carelessness as aforesaid, decedent Jeremy Stottlar suffered emotional distress, and claim is therefore made.

71. That medical care was rendered to Jeremy Stottlar to attempt to save his life and medical bills were therefore incurred.

8

**WHEREFORE**, plaintiff, Theresa Stottlar as Administrator of the Estate of Jeremy Stottlar, Deceased, demands in judgment in Count I herein for a sum in excess of the arbitration plus interest and costs of suit and delay damages as may be recoverable under the Pennsylvania Rules of Civil Procedure.

### COUNT II
### Theresa Stottlar as Administrator of the Estate
### of Jeremy Stottlar, Deceased v. Reed Oil Company, Inc

72. Plaintiff re-alleges the preceding paragraphs of her Complaint as if fully set forth at length herein.

73. The aforementioned negligence and carelessness of defendant driver Randall W. Durnell is imputed upon the owner, defendant Reed Oil Company, Inc, pursuant to the doctrine of Respondent Superior.

74. The negligence and carelessness of defendant Reed Oil Company, Inc, by and through its agents, servants, workmen, and/or employees, further consisted of the following:

   a.  Permitting an incompetent driver to operate the vehicle;

   b.  Failing to determine whether defendant driver possessed the necessary skills and/or the necessary mental or physical ability to exercise such driving skills;

   c.  Failing to instruct defendant driver in the proper method of operating the motor vehicle;

   d.  Failing to properly instruct the defendant driver how to properly operate the vehicle and its warning apparatus on interstate highways;

   e.  Failing as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver was operating the vehicle at the aforesaid time and place as herein before described; and

9

f. Allowing this dangerous and unsafe and defective motor vehicle to be operated on a public highway.

75. As a result of the negligence and carelessness of defendants as aforesaid, Jeremy Stottlar suffered devastating person injuries and passed away.

76. Prior to his death, decedent Jeremy Stottlar experienced great pain, suffering and anguish, and claim is made therefore.

77. Prior to his death, decedent Jeremy Stottlar experienced great mental pain, suffering and anguish as he anticipated his impending death.

78. That as a result of the negligence and carelessness as aforesaid, decedent Jeremy Stottlar suffered emotional distress, and claim is therefore made.

79. That medical care was rendered to Jeremy Stottlar to attempt to save his life and medical bills were therefore incurred.

**WHEREFORE**, plaintiff, Theresa Stottlar as Administrator of the Estate of Jeremy Stottlar, Deceased, demands in judgment in Count I herein for a sum in excess of the arbitration limit plus interest and costs of suit and delay damages as may be recoverable under the Pennsylvania Rules of Civil Procedure.

### COUNT III
### Theresa Stottlar as Administrator of the Estate of Jeremy Stottlar, Deceased v. Randall W. Durnell

80. Plaintiff re-alleges the preceding paragraphs of her Complaint as if fully set forth at length herein.

81. The negligence and carelessness of defendant Randall W. Durnell consisted of the following:

    a. Striking the deceased pedestrian;

    b. Operating his vehicle in an unsafe manner;

    c. Failing to see what was there to be seen;

    d. Failing to properly observe traffic conditions ahead of his vehicle;

    e. Failing to give adequate attention to the roadway around him;

    f. Operating the motor vehicle at a high and excessive rate of speed under the circumstances;

    g. Failing to operate the motor vehicle under proper adequate control under the circumstances;

    h. Failing to give proper and sufficient warning of his approach;

    i. Operating the motor vehicle without due regard to the point and position of pedestrians on the road; and

    j. Failing to operate the motor vehicle with due care and regard to the health and safety of the plaintiff.

82. As a result of the negligence and carelessness of defendants as aforesaid, Jeremy Stottlar suffered devastating personal injuries and passed away.

83. Prior to his death, decedent Jeremy Stottlar experienced great pain, suffering and anguish, and claim is made therefore.

84. Prior to his death, decedent Jeremy Stottlar experienced great mental pain, suffering and anguish as he anticipated his impending death.

85. That as a result of the negligence and carelessness as aforesaid, decedent Jeremy Stottlar suffered emotional distress, and claim is therefore made.

86. That medical care was rendered to Jeremy Stottlar to attempt to save his life and medical bills were therefore incurred.

**WHEREFORE**, plaintiff, Theresa Stottlar as Administrator of the Estate of Jeremy Stottlar, Deceased, demands judgment in Count II herein for a sum in excess of the arbitration limit of plus interest and costs of suit and delay damages as may be recoverable under the Pennsylvania Rules of Civil Procedure.

_____
John E. Lavelle, Esq.
PA Bar I.D.: 315154
Cellino Law LLC
600 Old Country Road, Suite 412
Garden City, New York 11530
(800) 555-5555

## VERIFICATION

I, Theresa Stottlar, am the plaintiff in this action and I depose and say that the statements contained in the foregoing Complaint are true and accurate to the best of my knowledge, information and belief. I understand that the statements contained herein are subject to 18 PA.C.S. §4904.

*[signature: Theresa Stottlar]*

Theresa Stottlar

13